# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

 Plaintiff,

 v.              Criminal No. 13-3760 MCA

**HIRAM MARCELENO**,

 Defendant.

## <u>ORDER</u>

 **THIS MATTER** is before the Court on Defendant Hiram Marceleno's *Motion to Reconsider Memorandum Opinion and Order Denying Motion to Withdraw Plea of Guilty*.  [Doc. 71]  Defendant contends that this Court "erred by basing its decision to deny his Motion to withdraw his plea on factual findings regarding his credibility."  [Doc. 71 at 2]

 "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."  <u>United States v. Christy</u>, 739 F.3d 534, 539 (10th Cir. 2014).

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir.2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." <u>Id.</u> A motion to reconsider should not be

1

> used to revisit issues already addressed or advance arguments
> that could have been raised earlier. Id.

Id.  The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court.  See id.

In its January 15, 2015 *Memorandum Opinion and Order*, the Court relied on United States v. Soto, 660 F.3d 1264, 1268 (10th Cir. 2011), to support the proposition that a district court does not abuse its discretion in refusing a motion to withdraw a guilty plea when the motion "is predicated on an intentional falsehood."  Id. at 1268.  Indeed, in Soto, our Tenth Circuit Court of Appeals explained that:

> Fairness and justice do not dictate that a party may compel
> any judicial action on the basis of a lie—let alone an action
> that would require the court, the government, as well as
> victims and witnesses to endure the significant cost, time, and
> all the other tribulations associated with a trial.  Mistake or
> confusion, in the interests of fairness and justice, may merit
> more latitude from a court.  But an intentional falsehood
> under oath about such a material matter as a plea agreement is
> not something any district court is forced to countenance.

Id.

Defendant does not acknowledge or attempt to distinguish Soto.  Instead, Defendant cites to an earlier Tenth Circuit Court of Appeals case, United States v. Hamilton, 510 F.3d 1209 (10th Cir. 2007), which held that a defendant who moves to withdraw a guilty plea based on the existence of a legal defense "must make a *factual argument* that supports a legally cognizable defense."  Id. at 1214-15 (emphasis in original) (citing United States v. Barker, 514 F.2d 208, 220 (D.C.Cir.1975)).  Nothing in Hamilton requires the Court to accept Defendant's factual assertions as true.  Indeed, in Hamilton, the Court did not even consider the issue of whether a defendant's factual

assertions must be accepted as true, because the Court found that the defendant had "not presented a factual argument" in support of his motion to withdraw his guilty plea.  Id. at 1215.  Therefore, Defendant's reliance on Hamilton is misplaced.

Defendant has failed to demonstrate that the Court misapprehended the facts, a party's position or the law.  Therefore, Defendant's motion to reconsider will be denied.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Reconsider Memorandum Opinion and Order Denying Motion to Withdraw Plea of Guilty* [Doc. 71] is **DENIED**.

**SO ORDERED** this 8th day of April, 2015, in Albuquerque, New Mexico.


_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge

3